**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 1:26-cv-02149-RMR

KLEIBER RUBEN ROA RODRIGUEZ,

Petitioner,

v.

JUAN BALTAZAR, Warden,
GEORGE VALDEZ,
DAVID J. VENTURELLA, and
TODD BLANCHE, Acting Attorney General,[1]

Respondents.

---

**ORDER**

---

Pending before the Court is Petitioner Kleiber Ruben Roa Rodriguez's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Respondents filed a Response, ECF No. 12, and two status reports, ECF Nos. 13 & 16. Petitioner did not file a reply despite having the opportunity to do so. The Court has reviewed the Application, the related briefing, and the applicable case law. For the reasons stated below, the Petition is denied.

[1] The Court notes that, pursuant to Fed. R. Civ. P. 25(d), George Valdez, David J. Venturella, and Todd Blanche were substituted for Robert Hagan, Todd Lyons, and Pamela Bondi in Respondents' latest status update. ECF No. 16.

## I. BACKGROUND

Petitioner is a Venezuelan national who has lived in the United States since August 2023. ECF No. 1 at 7. Respondents state that U.S. Customs and Border Protection ("CPB") apprehended petitioner at or near Welasco, Texas on August 15, 2023, shortly after he illegally crossed the border into the United States. ECF No. 12 at 3. Both parties agree that petitioner was never inspected and admitted or paroled into the United States. *Id.* CBP determined that petitioner was inadmissible to the United States and processed him for removal proceedings. *Id.* He was released on his own recognizance. *Id.*

On May 16, 2025, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal with the Executive Office for Immigration Review ("EOIR"). *Id.* On December 5, 2025, a Wyoming police officer encountered Petitioner in connection with a traffic violation investigation. *Id.* at 3-4. He was arrested and detained by ICE on that date. *Id.* at 4. Respondents contend that Petitioner was detained pursuant to § 1225(b). *Id.*

On January 2, 2026, the Department of Homeland Security ("DHS") filed a motion to pretermit Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture pursuant to the Asylum Cooperative Agreement ("ACA") with Ecuador. *Id.* The motion to pretermit was granted on January 14, 2026. *Id.* However, the January 14, 2026 order did not explicitly order that Petitioner be removed to Ecuador. *Id.* at 5. Thus, Respondents state that it was not a final executable order of removal. *Id.*

On May 29, 2026, DHS filed a motion to reissue the decision with EOIR, requesting that the January 14, 2026 order be amended to explicitly state that Petitioner is to be removed to Ecuador. *Id.* On June 22, 2026, Respondents filed a Status Report, informing the Court that on June 17, 2026, the Immigration Judge issued an amended order

explicitly ordering Petitioner removed to Ecuador pursuant to the ACA or, in the alternative, removed to Venezuela. ECF No. 16 at 2. Thus, Respondents argue that because there is now a final executable order of removal in place, effective June 17, 2026, Petitioner is detained pursuant to 8 U.S.C. § 1231(a), which mandates detention during the 90-day removal period following entry of a final order of removal. *Id.* at 2-3 (citing 8 U.S.C. § 1231(a)(2)(A)).

## II. LEGAL STANDARD

### A. Habeas Corpus Relief

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020). Federal courts have habeas jurisdiction to hear statutory and constitutional challenges to immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516- 17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Sierra v. INS*, 258 F.3d 1213, 1217-18 (10th Cir. 2001).

## III. ANALYSIS

When the instant action was initiated, Petitioner was not subject to a final order of removal, and the statutory authority for his detention arose under either 8 U.S.C. §§ 1225 or 1226. However, on June 17, 2026, a final executable order of removal was issued. That notice of removal became administratively final when the time to file an appeal expired,

which was thirty days later, on July 17, 2026. *Riley v. Bondi*, 606 U.S. 259, 260 (2025) ("An order of removal becomes final at the earlier of two points: (1) a determination by the [BIA] affirming such order, or (2) the expiration of the period in which the alien is permitted to petition the BIA for review of the order" (internal citations omitted)). Thus, Petitioner is now subject to an administratively final order of removal and is being detained pursuant to 8 U.S.C. § 1231.

Because the 90-day removal period under § 1231 will not expire until October 15, 2026, Petitioner cannot demonstrate a denial of due process under the statute or *Zadvydas*. *See Zadvydas*, 533 U.S. at 682; *Nino v. Director*, No. 26-cv-01554-PAB, 2026 WL 1857856, at *3 (D. Colo. June 25, 2026) (denying habeas petition filed during pre-removal period because, after the order of removal became final, the petitioner's detention was mandatory under § 1231); *see also S.H. v. Warden, Stewart Det. Ctr.*, 2022 WL 1280989, at *2 (M.D. Ga. Feb. 15, 2022) ("Because Petitioner filed his habeas application challenging his detention under § 1231(a) less than ninety days after he became detained pursuant to that provision, his claims are premature under both the ninety-day removal period and the *Zadvydas* presumptively reasonable six-month period."). Accordingly, the Petition is denied.

## IV. CONCLUSION

Accordingly, consistent with the foregoing analysis and based on the Court's review of the filings and documents before the Court, pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), **IT IS HEREBY ORDERED THAT**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**;
2. The Court's Order enjoining Respondents from removing Petitioner from the United States, ECF No. 8, is **VACATED**, and

3. The Clerk of Court is respectfully directed to enter judgment in Respondents' favor and close this case.

DATED: August 3, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge